(117 App. Div. 484)

### TOWNSHEND v. KEENAN.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

NEW TRIAL—STATUTORY RIGHT—EJECTMENT—PAYMENT OF COSTS.

> The collection of costs by execution, though it be by sale of any interest of defendant in the premises from which he was ejected, is a payment of the costs by him, within Code Civ. Proc. § 1525, entitling defendant in ejectment, within three years from entry of judgment, to a new trial as of right on payment of costs.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 365.]

Appeal from Special Term, New York County.

Action by John Townshend against Joseph P. Keenan. From an order denying a motion to restore the cause to the calendar, defendant appeals. Reversed, and motion granted.

Argued before PATTERSON, P. J., and INGRAHAM, Mc- LAUGHLIN, LAUGHLIN, and HOUGHTON, JJ.

Benjamin Patterson, for appellant.

Jacob Fromme, for respondent.

HOUGHTON, J. The action is in ejectment, and its trial resulted in a judgment for plaintiff, which was entered February 18, 1895, with $128 costs. Prior to the expiration of three years from the entry of this judgment, within which time, by the provisions of section 1525 of the Code of Civil Procedure, the defendant was entitled to a new trial as of right upon payment of costs, the plaintiff collected the costs by execution issued against the defendant. Within the three years, and after the costs had been thus collected and paid, the defendant made and submitted a motion for a new trial, which, however, did not result in the entry of an order until March 14, 1898, several days after the three years had expired. This order provided that the defendant should have 30 days within which to pay such costs. On appeal to this court this provision with respect to the payment of costs was stricken out, and the order otherwise affirmed; the court holding that the order related back to the time of the submission of the motion. 34 App. Div. 629, 54 N. Y. Supp. 287. This order, as thus modified and affirmed, is still in force, and the situation, therefore, is that the costs were paid and an order granting a new trial made within three years from the entry of the judgment on the first trial.

The plaintiff urges that an involuntary payment of costs by execution in an ejectment action is not the payment contemplated by section 1525 of the Code of Civil Procedure, and that therefore the defendant has failed to comply with the provisions of the section respecting the payment of costs. We think otherwise. Actual payment of the costs within the time specified is all that is necessary. If the plaintiff in an ejectment action sees fit to issue an execution upon the judgment for costs which he has obtained on the trial of his suit, and collect them in that manner, it is as good a payment as though the defendant had voluntarily made it. If he does this within the three years, the defendant is entitled to the benefit of such payment on his motion for a new trial made within that period. Nor does it affect the situation, as was done in the present case, that the execution was satisfied by a sale of whatever interest the defendant had in the premises from which he was ejected. If the plaintiff saw fit to bid an amount sufficient to satisfy the judgment for costs on such sale, it was nevertheless money realized upon the execution, and is necessarily applied to the satisfaction of the judgment. The requirement of the statute is that the costs shall be paid, and such requirement is satisfied, whether the payment be voluntary or involuntary.

The costs having been paid within the three years, and an order for a new trial having been made in contemplation of law within that time,

the action is still pending, and the defendant is entitled to a retrial; and the court should have granted the motion restoring the cause to the calendar.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted. All concur.